IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DOUGLAS A. IVERS,

        Plaintiff,

   v.

CLARK COUNTY WASHINGTON;
CLARK COUNTY SHERIFFS;
CLARK COUNTY CLERK'S OFFICE; and
CLARK COUNTY PROSECUTORS OFFICE,

        Defendants.

Case No. 3:15-cv-02279-BR

ORDER

BROWN, Judge.

    Plaintiff brings this civil rights action *pro se*. For the reasons that follow, the Court orders that this case be transferred to the United States District Court for the Western District of Washington, where venue is proper.

    Plaintiff alleges that he worked as a paid police informant in Clark County, Washington, and that a detective and clerk provided un-redacted copies of police reports to the general public in which Plaintiff was identified by name. Plaintiff

1 - ORDER -

alleges the disclosure violated of 20 C.F.R. 636.2(a)(a) and 50 U.S.C. § 421(a)(b)(c).

Plaintiff also alleges he was denied the right to effective assistance of counsel in two cases before the Clark County Superior Court when the judge refused Plaintiff's request to replace his attorney.

By way of remedy, Plaintiff seeks money damages, as well as an order requiring all record held by the Clark County Sheriff, Clerks, Courts, and all city or county departments be turned over to the United States Department of Justice or the Federal Bureau of Investigation. Plaintiff also seeks to overturn his 2012 Clark County convictions.

Venue may be raised by the court *sua sponte* where the defendant has not filed a responsive pleading and the time for doing so has not run. See *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). When jurisdiction is not founded solely on diversity, venue is proper in (1) the district in which any defendant resides, if all of the defendants reside in the same state; (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. See 28 U.S.C. § 1391(b). When venue is improper, the

district court has the discretion to either dismiss the case or transfer it "in the interest of justice."  28 U.S.C. § 1406(a).

It is clear from Plaintiff's Complaint that Plaintiff's claims arise out of actions alleged to have been committed by the Clark County Sheriff's Department, Clerk, and prosecutor, which is within the venue of the Western District of Washington.  Thus, venue is proper in the Western District of Washington, not the District of Oregon, and the Court finds transfer of the case to be in the interests of justice.

## CONCLUSION

For these reasons, IT IS ORDERED that this matter is TRANSFERRED for all further proceedings to the United States District Court for the Western District of Washington.  In light of the transfer, the Court defers to the Western District of Washington with respect to Plaintiff's Application to Proceed *In Forma Pauperis* (#1), Motion for Appointment of Counsel (#3), Application for CM/ECF Registration as a Self-Represented Party (#5), and Amended Motion for Appointment of Counsel (#6).

IT IS SO ORDERED.

DATED this 17th day of December, 2015.

_____
ANNA J. BROWN
United States District Judge

3 - ORDER -